DOWNEY, JAMES C., Associate Judge
(dissenting):
The issue here is controlled by a determination of the “subject matter” of the county solicitor’s interrogation of the defendants. The record reflects that one, Arnold Rosenbaum, had been informed against for possession of stolen property and making a false statement on application for a title certificate. Rosenbaum was tried and a mistrial declared as a result of the jury being unable to agree on a verdict. The case was reset for trial and in the interim the county solicitor, seeking to strengthen the state’s case, interviewed the defendants in this case pursuant to a subpoena. In testimony before the trial court in the case at bar, the solicitor described his purpose in conducting the interview in the following fashion:
“Q What was the purpose of your taking the statements from the two defendants here today?
“A The sole purpose of taking the statements was to attempt to locate witnesses who had had personal dealings with Arnold Rosenbaum, in connection with stolen cars. And the purpose, if I could expand a little bit more, we were attempting to find more witnesses to present at the trial of Arnold Rosenbaum, which was at that time, I believe, *828 set for some time in September of 1967.
it ijc >Ji >{<
“Q Would it be correct to say that the sole purpose, then, for your interrogating these witnesses at that time, the two statements taken, was purely in a course of an investigation of a crime or an alleged crime committed by some other person?
“A Yes, sir, that’s right. As a matter of fact, there had already been one trial of Arnold Rosenbaum, which was on July the Sth, I believe, of 1967, that resulted in a mistrial, a hung jury; and this was merely an investigation done in the course of preparation for the subsequent trial.”
Clearly the stated purpose of the interrogation of defendants was to shore up the state’s case; to find additional witnesses so that the state would prevail in the second trial of Rosenbaum.
The solicitor’s statement of purpose, while to be considered, is not the real test of the “subject matter” of the interrogation; that determination must ultimately be made by reading the transcript thereof. After several careful readings of the transcript, I feel the trial judge was correct.in his conclusion that the “subject matter” of the county solicitor’s interrogation did not involve any of the five crimes included in the immunity statute, F.S.1967, Section 932.29, F.S.A. This being true, the immunity statute never came into play.
In order to find that the solicitor’s interrogation involved the larceny statute, it seems to me one must put an inordinate amount of weight and emphasis upon the use of the words, “in connection with stolen cars”, and the local background giving rise to Rosenbaum’s arrest. When taken in context with the other testimony of the solicitor and a reading of the actual interrogation of the defendants, the assertion that the interrogation involved the larceny statute becomes more imaginary than real.
I believe the trial court correctly refused to grant immunity to the defendants and that the Rule Nisi should be discharged and the Suggestion for Writ of Prohibition denied.
Accordingly, I dissent.